## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CASE NO.

JUSTIN OWNBY,
individually and
on behalf of all others similarly situated,                    **CLASS ACTION**

      Plaintiff,                    **JURY TRIAL DEMANDED**

v.

UNITED 1st LENDING, LLC,

      Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Justin Ownby brings this class action against Defendant United 1st Lending, LLC, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1.       This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA"), and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

2.       Through its enactment of the TCPA, Congress "targeted unwanted text messages (as well as unwanted phone messages)." *Drazen v. Pinto*, 29 Fla. L. Weekly

1

Fed. C2763, n.5 (U.S. 11th Cir. July 24, 2023).

3.     To promote its loan products and services, Defendant engages in unsolicited robocalling in violation of the TCPA and FTSA.

4.     In this action, Plaintiff seeks injunctive relief and statutory damages to put an end to Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. *See Drazen*, 29 Fla. L. Weekly Fed. C2763 at 4.

## PARTIES

5.     Plaintiff is, and at all times relevant hereto was, a citizen and resident of Hillsborough County, Florida.

6.     Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that Plaintiff was the regular user of cellular telephone number that received Defendant's telephonic sales calls.

7.     Defendant is, and at all times relevant hereto was, a Wyoming limited liability company with its principal place of business in Miami Beach, Florida, and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f).

## JURISDICTION AND VENUE

8.     This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

9.     This Court has supplemental jurisdiction over Plaintiff's FTSA claims pursuant to 28 U.S.C. § 1367.

10. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state and because Defendant's principal place of business is located in this state. Defendant initiated and directed telemarketing and/or advertising robocalls into Florida. Specifically, Defendant initiated and directed the transmission of unsolicited robocalls to Plaintiff's cellular telephone number to sell goods, services or products in Florida. Plaintiff's telephone number has an area code that specifically coincides with locations in Florida, and Plaintiff received such messages while residing in and physically present in Florida.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

12. Defendant engages in aggressive and intrusive telemarketing to generate revenue.

13. Defendant harassed Plaintiff with robocalls, the purpose of which was to promote and advertise the commercial availability of Defendant's goods and services.

14. Specifically, commencing in on or about July 2024, Defendant sent unsolicited and unconsented to prerecorded voice calls to Plaintiff's cellular telephone number, including the following:



**+1 (332) 206-2321**
New York, NY
July 30, 2024 at 3:14 PM

0:01                                              −0:44

### Transcription

"Hi this is Albert Hoffman calling from United first my number is 84458122185 I have some news I think you're going to like we have you prequalified for up to $39,000 loan with very affordable monthly payments around 565 this is a great option to get your finances in order so you can have peace of mind this summer suffers for limited time only so please call me back as soon as possible at 844-581-2185 I don't want you to miss his great offer if you think you receive this message in air please speak to a representative to be taken off our list have an amazing day bye-bye..."



**+1 (916) 537-4925**
Fair Oaks, CA
July 31, 2024 at 6:32 PM

0:00                                    −0:44

## Transcription

"Hi this is Albert Hoffman calling from United first my number is 844-581-2185 I have some news I think you're going to like we have you prequalified for up to a $39,000 loan with very affordable monthly payments around 565 this is a great option to get your finances in order so you can have peace of mind this summer suffers for a limited time only so please call me back as soon as possible at 844-5812185 I don't want you to miss this great offer if you think you received this message in air please speak to a representative to be taken off our list have an amazing day bye-bye…"



**+1 (469) 257-0317**
Italy, TX
August 1, 2024 at 6:35 PM

0:00                                                    −0:44

Transcription

"Hi this is Albert Hoffman calling from United
first my number is 84458121885 action news
I think you're going to like they'll be
prequalified to $39,000 loan very affordable
monthly payments around 565 this is a great
option to get your finances in order so you
can have peace of mind the summer soft for
the midtime only so please call me back as
soon as possible at 844-581-2184 I don't
want you to miss his great offer if you think
you receive this message and speak to
representative to be taken off the list have an
amazing day bye-bye…"

**+1 (727) 476-9594**

Clearwater, FL
August 7, 2024 at 2:11 PM

0:01                                                    −0:48

## Transcription

"Hi this is Ted Swanson calling from United first my number is 833-534-1129 I'm calling with great news will be prequalified for up to a $46,000 very affordable monthly payment of less than 559 a month our way to help you get your finances in order so you can have peace of mind before the end of the summer is offers only available for preferred clients so please call me back as soon as possible at 8:30 35341129 I don't want to miss this great offer if you leave you receive this message in there speak to the live representative to take off the list have a wonderful day..."



**Transcription**

"Hi this is Kent calling from United first my number is 833-390-3968 call me some great news we have a prequalified for up to $46,000 loan very affordable monthly change less than 595 a month this is our way to help you get your finances in order so you have peace of mind before the end of summer this offer is only available for preferred clients so please call me back as soon as possible at 833-3903968 I don't want you this great offer if you think you receive this message in there please speak to a representative to be taken off our list have a wonderful day..."

**+1 (772) 222-4626**
Hobe Sound, FL
August 19, 2024 at 10:43 AM

 

0:02                                    −0:44

   

**Transcription**

"Hi this is Ted Swanson calling from United first my number is 833-390-3968 I'm calling with some great news we have you prequalified for up to $46,000 loan very affordable monthly of less than 595 a month this is our way to help you get your finances in order so you can have peace of mind before the end of summer this offer is only available for preferred clients so please call me back as soon as possible at 833-390-3968 I don't want you missing this great offer if you think you receive this message in there please speak to a representative be taken off our list have a wonderful day..."



**+1 (520) 590-6459**
Bisbee, AZ
August 20, 2024 at 11:06 AM

0:00                                                    −0:50

Transcription

"Hi my name is Jenny and I'm calling from United first my number is 888-665-0956 I have some really good news for you we have you prequalified for up to $43,000 with very affordable payment of less than $555 a month this is our way to help you get your finances in order so you can have peace of mind before the summer and this great offer is only available to preferred client so please call me back at 888-665-0956 I don't want you to miss us if you think you've received this message in error please speak to a representative to be taken off our calling list…"



**+1 (928) 666-9267**
Flagstaff, AZ
August 22, 2024 at 3:10 PM

0:04                                                    −0:44

## Transcription

"Hi my name is Jenny and I'm calling from United first my number is 888-665-0956 I have some really good news for you we have you prequalified for up to $43,000 with very affordable payments of less than $555 a month this is our way to help you get your finances in order so you can have peace of mind before the summer and this great offer is only available to preferred client so please call me back at 888-665-0956 I don't want you to miss us if you think you've received this message in error please speak to a representative to be taken off of our calling list..."

15. Upon listening to the messages, Plaintiff was easily able to determine that they were prerecorded and not a live person speaking.

16. As demonstrated by the above message, the purpose of Defendant's telephonic sales call was to solicit the sale of consumer goods and/or services.

17. Plaintiff is the regular user of the cellular telephone number that received the above telephonic prerecorded sales calls.

18. Plaintiff registered the cellular telephone number that received the above telephonic prerecorded sales calls on the National Do Not Call Registry on or about October 17, 2023.

19. Plaintiff was in Florida when he received the above robocalls, and Defendant's violative conduct occurred in substantial part in Florida.

20. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all robocalls sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

21. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit prerecorded sales or marketing calls to Plaintiff's cellular telephone number.

22. More specifically, Plaintiff never signed any type of authorization permitting or allowing the placement of prerecorded sales or marketing calls.

23.    Plaintiff never provided Defendant with express consent or permission to contact him with prerecorded message calls on his cellular telephone.

24.    Plaintiff never provided Defendant with any type of consent or permission to contact him with prerecorded message calls on his cellular telephone.

25.    Plaintiff never provided his telephone number to Defendant.

26.    Since July 1, 2021, on information and belief, Defendant sent at least 50 robocalls to as many consumers in Florida.

27.    Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including liquidated actual damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

PROPOSED CLASSES

28.    Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The Classes that Plaintiff seeks to represent are defined as:

**TCPA Robocall Class**: All persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received one or more prerecorded voice calls regarding Defendant's property, goods, and/or services on their cellular telephone line.

**TCPA DNC Class**: All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant placed more than one call within any 12-month period; (2) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (3) regarding Defendant's property, goods, and/or services.

**FTSA Class**: All persons in Florida who, since July 1, 2021 through the date of class certification, received one or more prerecorded telephonic sales call regarding Defendant's property, goods, and/or services on their cellular telephone line.

29.    Defendant and its employees or agents are excluded from the Class.

**NUMEROSITY**

30.    Upon information and belief, Defendant has placed prerecorded telephonic sales calls to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

31.    Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

32.    There are numerous questions of law and fact common to the Classes

14

which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Class are:

    (a) Whether Defendant initiated prerecorded calls telephonic sales calls to Plaintiff and the Class members;

    (b) Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;

    (c) Whether Defendant solicited individuals who had registered their telephone numbers on the National Do Not Call List.

    (d) Whether Defendant can meet its burden of showing that it had consent to make such calls;

    (e) Whether Defendant is liable for damages, and the amount of such damages.

33.    The common questions in this case are capable of having common answers. Plaintiff and the Class members have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

34.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

35.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the

interests of the Class.

**SUPERIORITY**

36.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

37.    The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227 AND 47 C.F.R. § 64.1200**
(On Behalf of Plaintiff and the TCPA Robocall Class)

38.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs  1 through 37 as if fully set forth herein.

39.    It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

40.    It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

41.    Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

42.    Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

43.    Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

44.    Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

45.     Defendant has, therefore, violated § (b)(1)(A)(iii) and § 64.1200(a)(1)(iii) and (a)(2) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class.

46.     As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## COUNT II
### Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200
### (On Behalf of Plaintiff and the TCPA DNC Class)

47.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

48.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

49.     Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

50.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation

of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

51.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

52.    Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and Class members received more than one message in a 12-month period from Defendants in violation of 47 C.F.R. § 64.1200.

53.    As a result of Defendants' conduct as alleged herein, Plaintiff and the Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

54.    Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

**COUNT III**
**VIOLATION OF FLA. STAT. § 501.059**
(On Behalf of Plaintiff and the FTSA Class)

55.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs   1 through 37 as if fully set forth herein.

56.    It is a violation of the FTSA to "make or knowingly allow a telephonic

sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

57.    A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

58.    "Prior express written consent" means an agreement in writing that:

1.    Bears the signature of the called party;

2.    Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

3.    Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4.    Includes a clear and conspicuous disclosure informing the called party that:

a.    By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

       b.  He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

59.    Defendant failed to secure prior express written consent from Plaintiff and the Class members.

60.    In violation of the FTSA, Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members utilizing recorded messages without the prior express written consent of the called party.

61.    As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id*.

62.    Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    a)  An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of liquidated actual damages of $500 per call for Plaintiff and each member of the Classes as applicable under the FTSA and/or TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the FTSA and TCPA;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

e) An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list; and

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

22

DATED:

Respectfully Submitted,

HIRALDO P.A.

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.*
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301 Email:
mhiraldo@hiraldolaw.com Telephone:
954.400.4713
***Lead Counsel for Plaintiff***

**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**KUHN RASLAVICH, P.A.**
2110 West Platt Street
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@theKRfirm.com
*Attorneys for Plaintiff*