UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN OWNBY, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.                                                                                  Case No. 8:24-cv-2190-TPB-CPT

UNITED 1ST LENDING, LLC,

    Defendant.
_____/

**O R D E R**

    Before the Court is *Plaintiff[ Justin Ownby's] Motion for Leave to Conduct Class Certification and Damages Related Discovery*. (Doc. 10). For the reasons discussed below, Ownby's motion is granted.

I.

    Ownby filed this action against Defendant United 1st Lending, LLC (United) in September 2024 on behalf of himself and a putative class comprised of all others similarly situated, asserting claims for violations of both the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (TCPA) and the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 (FTSA). (Doc. 1). The crux of Ownby's complaint is that

United engaged in unsolicited robocalling to members of the putative class in contravention of the TCPA and FTSA. *Id.*

In November 2024, Ownby secured a clerk's default against United after it failed to respond to his complaint. (Doc. 9). The instant motion followed. By way of that filing, Ownby requests that the Court permit him to engage in discovery in support of class certification and "in furtherance of an ultimate default judgment." (Doc. 10 at 3). Ownby also asks that the Court reserve ruling on any monetary damages to be awarded to the putative class until he is in a position to seek a default judgment after the completion of class certification and damages discovery. *Id.* at 7–8.

II.

A district court has broad discretion to determine whether to certify a class. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992). To obtain class certification, a plaintiff must satisfy the strictures of Federal Rule of Civil Procedure 23. *Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir. 1984). Rule 23 mandates that a plaintiff demonstrate (1) the putative class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the putative class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the putative class; and (4) the representative parties will fairly and adequately protect the interests of the putative class. Fed. R. Civ. P. 23(a). A plaintiff must establish all of these elements, including where, as here, he is seeking a default judgment against a defendant. *See Katz v. MRT Holdings, LLC*, 2008 WL

4725284, at *2 (S.D. Fla. Oct. 24, 2008) (explaining that a plaintiff's burden under Rule 23 "is not eliminated due to the fact that the [d]efendants in this case are in default") (citing *Leider v. Ralfe*, 2003 WL 24571745, at *8 (S.D.N.Y. Mar. 4, 2003)); *Whitaker v. Bennett Law, PLLC*, 2014 WL 5454398, at *3 (S.D. Cal. Oct. 27, 2014) ("[E]ntry of default does not alter the [c]ourt's analysis for class certification.").

In light of the showing that must be made to secure class certification, the Eleventh Circuit has recognized that it may be necessary for a plaintiff to acquire at least some discovery from a defaulted defendant before the matter of certification is decided. *See Rensel v. Centra Tech, Inc.*, 2 F.4th 1359, 1367–68 (11th Cir. 2021) (stating that Rule 23 "supports the expectation that plaintiffs will have some opportunity for discovery before moving for class certification"). Indeed, in *Rensel*, the Eleventh Circuit found that the district court abused its discretion in effectively insisting that the plaintiffs "move for class certification before they had any real chance to take any class discovery" against a defaulted defendant, then denying "certification based in part on a lack of evidence of ascertainability, which the [p]laintiffs might have been able to address with the aid of discovery." *Id.* at 1368.

In this case, Ownby argues that while he anticipates the putative class will consist of "hundreds, if not thousands," of members, he needs factual evidence available only through discovery to meet Rule 23's numerosity requirement and to prove the "measure of damages." (Doc. 10). Ownby also contends that there are call logs he intends to seek in discovery from either United or its third-party agent who

3

transmitted the "robo-calls," which are necessary for "notice and administrative feasibility purposes." *Id.*

Ownby's assertions are sufficient to allow him to pursue class and damages related discovery at this juncture. In short, Ownby shows that he requires the designated discovery to establish the grounds for class certification, as well as the level of damages recoverable by the putative class on a motion for default judgment against United. *See Martie v. M&M Bedding, LLC*, 2020 WL 8996698, at *1 (M.D. Fla. May 18, 2020) (granting a plaintiff leave to serve discovery on a defaulted defendant and third parties to discern the identity of the putative class members and the amount of damages in advance of seeking class certification and a default judgment); *Leo v. Classmoney.net*, 2019 WL 238548, at *2 (S.D. Fla. Jan. 10, 2019) ("It would be unjust to prevent [the p]laintiff from attempting to demonstrate the elements for certification of a class without the benefit of discovery, due to [defendant's] failure to participate in this case.").

III.

Based upon the foregoing, it is hereby ORDERED:

1. Ownby's motion for leave to engage in class certification and damages related discovery (Doc. 10) is granted.

2. No later than May 13, 2025, Ownby shall (a) conduct class certification and damages related discovery, including third-party discovery, as necessary; and (b) file a motion for default judgment.

SO ORDERED in Tampa, Florida, this 13th day of January 2025.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record